IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTOPHER REGINALD REYNOLDS                                                                PLAINTIFF

v.                  Civil No. 3:22-cv-03034-TLB-MEF

APRN TAMMY GLENN, Staff Nurse; and
CORPORAL JODY POYNER                                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action brought by Plaintiff, Christopher R. Reynolds ("Reynolds"), pursuant to the provisions of 42 U.S.C. § 1983. Reynolds proceeds *pro se* and *in forma pauperis*. Reynolds was incarcerated at the Boone County Detention Center ("BCDC") at the time of the events which gave rise to this case.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A(b). Pursuant to § 1915A(b), the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

According to the allegations of the Amended Complaint (ECF No. 6), on May 26, 2022, Advanced Practice Registered Nurse ("APRN") Tammy Glenn became angry with Reynolds when he refused to pay for a sick call. *Id.* at 4. As a result, Reynolds alleges she failed to package his

prescription medications for the Memorial Day Weekend, May 28 to May 30, 2022. *Id.* Reynolds did not receive his medications, including one for treatment of a major depressive disorder, for three days. *Id.* As a result, Reynolds alleges he suffered from major bouts of depression, anxiety, paranoia, and day terrors. *Id.*

Reynolds alleges that on May 26, 2022, Brother Wendall Steele dropped a Bible off for him at the BCDC. (ECF No. 6 at 6). Reynolds says he asked about the Bible several times. *Id.* Eventually, on June 10th, he filed a grievance because he still had not received the Bible. *Id.* Corporal Jody Poyner responded that no Bible had been dropped off for him. *Id.* On June 14th, Reynolds asked Jailer Martran about the Bible and received it a short time later. *Id.* Reynolds contends he was denied his right to religious material and the comfort it brings. *Id.* Reynolds further states that generally when something is dropped off for an inmate it is delivered to them by jail staff in a timely manner. *Id.* at 9.

As relief, Reynolds seeks compensatory and punitive damages. (ECF No. 6 at 10). He also asks that an account of Defendants' actions be published in newspapers to increase public awareness and to ensure closer scrutiny of the Defendants in their official capacities.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be

false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

With respect to his claim against APRN Glenn, the Court concludes Reynolds has stated a claim sufficient to withstand screening. The Court makes no ruling on the merits of the claim.

3

Regarding Reynold's claim against Corporal Poyner, however, the Court finds no plausible claim is stated. At most, the allegations suggest Corporal Poyner may have been negligent in checking on, or locating, the Bible. There is no allegation that Corporal Poyner received the Bible on May 26th or did anything other than respond to a grievance without conducting a thorough search. Negligence is insufficient to state a plausible claim under § 1983. *See e.g., Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 910 n. 5 (8th Cir. 2020) (merely negligent conduct cannot support a § 1983 cause of action).

### IV.  CONCLUSION

For these reasons, it is recommended that the claims against Corporal Poyner be **DISMISSED WITHOUT PREJUDICE** as the claims are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

By separate order the Amended Complaint will be served on APRN Glenn.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE