IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTOPHER REGINALD REYNOLDS                                       PLAINTIFF

v.                         Civil No. 3:22-cv-03034-TLB-MEF

APRN TAMMY GLENN, Staff Nurse                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

### I.     DISCUSSION

Plaintiff filed his Complaint to initiate this action on June 23, 2022. (ECF No. 1). An Initial Scheduling Order was issued on September 29, 2022. (ECF No. 21). On January 26, 2023, an Order was entered extending the discovery deadline and the summary judgment filing deadline. (ECF No. 27). On March 29, 2023, an Order was entered extending the discovery deadline. (ECF No. 34).

On May 30, 2023, Defendant timely filed a Motion for Summary Judgment. (ECF Nos. 41-43). The same day, an Order was entered directing Plaintiff to respond to the summary judgment motion by June 20, 2023. (ECF No. 44). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal

1

Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted, and/or (b) the case would be subject to dismissal.

On June 8, 2023, Plaintiff filed a Motion stating, in part, that he had not received the summary judgment motion. (ECF No. 49). Defense counsel was ordered to immediately provide Plaintiff with a copy of the documents. (ECF No. 50). Plaintiff's response time was extended to July 5, 2023. *Id.* On June 13, 2023, Plaintiff filed a Motion for an extension of time to respond. (ECF No. 53). Plaintiff requested a 90-day extension of time to respond. *Id.* The Court granted Plaintiff an extension of time until July 31, 2023. (ECF No. 56).

On June 26, 2023, Plaintiff filed a Motion asking the Court to order Defendant to send a copy of the summary judgment materials to the correct address. (ECF No. 57). Defendant responded by indicating that while the certificate of service did inadvertently contain the wrong address the certified mail receipt showed the documents were delivered to the correct address on June 22, 2023. (ECF No. 58). Because Plaintiff signed his Motion on June 22, 2023, the same day the documents were delivered, the Court denied the Motion as moot. (ECF No. 59).

Plaintiff did not file a response to the Motion for Summary Judgment. On August 8, 2023, a Show Cause Order was entered. (ECF No. 60). As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Order, Plaintiff was given until August 29, 2023, to show cause why he failed to obey the Orders of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case **shall** be subject to dismissal.

In apparent response to the Show Cause Order, Plaintiff filed a combined Motion for an extension of time and for copies of the Summary Judgment Motion. (ECF No. 61). Plaintiff

indicated he had not received the copies of the Summary Judgment Motion sent to the detention center and signed for on June 22, 2023. *Id.* The Court directed the Clerk to forward copies of the Summary Judgment Motion to the Plaintiff as well as a copy of the docket sheet. (ECF No. 62). Plaintiff was given an extension of time until September 15, 2023, to respond to the Summary Judgment Motion. *Id.*

Plaintiff again failed to file a summary judgment response. Another Show Cause Order was entered on September 22, 2023. (ECF No. 63). Plaintiff was given until October 13, 2023, to show cause why he failed to obey the Court Orders.

To date, Plaintiff has not filed a response to the Defendant's pending Motion for Summary Judgment or a response to the Show Cause Order. He has not requested any further extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 62 & 63). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties

appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Further, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, Defendant expended resources conducting discovery and preparing the Motion for Summary Judgment. Plaintiff then intentionally chose not to respond to this Motion even after being directed to do so by the Court. Plaintiff was repeatedly advised that failure to comply with the Court's Orders would result in dismissal of his case. Plaintiff has not communicated with the Court in any way after the Court granted him an extension of time to respond to Defendant's Motion for Summary Judgment.

## II. CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply

with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE